IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SYDNEY R. REYNOLDS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| ) | CIV-07-1058-F |
| v. ) | |
| ) | |
| MIKE CARR, District Supervisor,[1] ) | |
| ) | |
| Respondent. ) | |

REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  Petitioner is challenging his conviction for Unlawful Possession of Marijuana with Intent to Distribute entered in the District Court of Lincoln County, Case No. CF-2003-53. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), and the Petition has been preliminarily reviewed pursuant to Rule 4, Rules Governing Section 2254 Cases in the United States District Courts.  For the following reasons, it is recommended that the Petition be dismissed upon filing with prejudice as it is untimely.

---

[1] Where the petitioner is presently in custody pursuant to the state judgment in question, the state officer having custody of the petitioner is the properly named respondent. Rule 2, Rules Governing Section 2254 Cases in the United States District Courts. In this case, Petitioner is in custody at the Union City Community Correctional Center ("UCCCC"), and UCCCC District Supervisor Mike Carr is the proper Respondent.

1

In his Petition and Brief in Support of the Petition filed September 17, 2007,[2] Petitioner asserts that he is entitled to habeas relief concerning the conviction in Case No CF-2003-53. Petitioner states that he entered a guilty plea in that case on August 6, 2003, to the charge of Unlawful Possession of Marijuana with Intent to Distribute and was sentenced on that date to an 18-year term of imprisonment consistent with the terms of his plea agreement with the prosecution. Petitioner states that he did not appeal the conviction. He asserts the following grounds for habeas relief: (1) "excessive punishment for instant offense," (2) "evidence inadmissible for violation of Fourth Amendment," (3) ineffective assistance of counsel, (4) "Improprieties of District Attorney," (5) "Prejudice by State," and (6) violation of due process. Petitioner asserts that he did not raise these issues in a direct appeal because he did not discover the underlying facts to support the claims until October 2006. Petitioner states that he sought post-conviction relief in the District Court of Lincoln County by filing an application for post-conviction relief on December 6, 2006, raising these issues. His post-conviction application was denied by the district court on February 16, 2007, and he appealed this decision in the Oklahoma Court of Criminal Appeals, which affirmed the district court's decision in an order entered June 20, 2007.

Effective April 24, 1996, the statutes governing federal habeas corpus actions for state and federal prisoners were substantially amended by the enactment of the Antiterrorism and

---

[2]Although the Petition was file-stamped on September 21, 2007, a postal stamp at the prison where Petitioner is incarcerated reflects that the Petition was delivered to prison officials for mailing on September 17, 2007. The Petition is deemed "filed" when the Petitioner gave it to prison authorities for mailing. Hoggro v. Boone, 150 F.3d 1223, 1227 n. 3 (10th Cir. 1998).

Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L.No. 104-132, 110 Stat. 1214. The AEDPA amends 28 U.S.C. §2244 by imposing a one-year period of limitations upon the filing of a petition seeking a writ of habeas corpus by a person in custody pursuant to a state court judgment. 28 U.S.C. §2244(d)(1). As an Oklahoma prisoner seeking federal habeas relief, Petitioner's habeas Petition is governed by the AEDPA's amendments. See Lindh v. Murphy, 521 U.S. 320, 336 (1997)(AEDPA's amendments apply to habeas petitions filed after the AEDPA's effective date of April 24, 1996).

Under 28 U.S.C. §2244(d)(1)(A), the one-year limitation period generally begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." The statute of limitations is tolled for "[t]he time during which a properly filed application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending...." 28 U.S.C. §2244(d)(2). Additionally, the limitation period may in rare and extraordinary circumstances "be subject to equitable tolling." Miller v. Marr, 141 F.3d 976, 978 (10th Cir.), cert. denied, 525 U.S. 891 (1998).

According to Petitioner, he pled guilty in the above-described criminal case on August 6, 2003. Because Petitioner did not file a motion to withdraw the plea or seek to appeal the plea-based conviction, the conviction became "final" under 28 U.S.C. §2244(d)(1)(A) on August 16, 2003, ten days after the pronouncement of the judgment and sentence. See Okla. Stat. tit. 22, §1051; Rule 4.2, Rules of the Oklahoma Court of Criminal Appeals, Okla. Stat. tit. 22, ch. 18, App. The one-year limitation period applicable to the

Petitioner's filing of a federal habeas petition commenced on August 16, 2003, and expired one year later on August 16, 2004, absent statutory or equitable tolling exceptions.[3]

Petitioner contends that an alternative date should provide the starting point for the 28 U.S.C. § 2244(d)(1) statute of limitations. Petitioner contends that he did not discover the facts supporting his habeas claims until some time in October 2006 when he "received the records (Court Minute, Probable Cause Affidavit and Transcripts) and began to study his case." Petition, at 17. Petitioner further contends that "most of these claims were not addressed by district court and the record was not sufficiently developed or available... and therefore could not be brought up on direct appeal." Id. Petitioner is apparently asserting that 28 U.S.C. § 2244(d)(1)(D) should apply to determine the limitation period governing the filing of his Petition. Under this provision, the limitation period runs from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).

Petitioner provides absolutely no justification for his over three year delay in obtaining the records that he suggests provide the factual predicate for his federal habeas claims. Moreover, Petitioner's claims are based on facts well within his knowledge at the

---

[3]In an unpublished decision, Dunn v. Workman, 172 Fed.Appx. 238, *241, 2006 WL 752029, *2 (10th Cir. Mar. 24, 2006), the Tenth Circuit Court of Appeals reasoned that an Oklahoma prisoner's plea-based judgment of conviction became "final" under 28 U.S.C. § 2244(d)(1)(A) ten days after the prisoner's conviction and sentence were entered where the prisoner failed to withdraw his plea within the ten-day period provided in Oklahoma Court of Criminal Appeals' Rule 4.2(A). The court found that the statutory limitation period governing the filing of the prisoner's federal habeas petition began on the day the judgment became final and expired on the anniversary date one year later.

time he entered his plea. Petitioner was present at the bail reduction hearing and the plea proceeding, and a motion to suppress was filed in the case four months before Petitioner entered a guilty plea pursuant to a plea agreement.[4] Petitioner does not allege any impediment to his discovery of the factual bases of his claims before the limitation period expired. Petitioner has not shown due diligence in discovering the factual predicate of his claims, and 28 U.S.C. § 2244(d)(1)(D) does not provide the date on which the limitation period began with respect to the filing of his federal habeas Petition.

Petitioner's post-conviction application does not toll the running of the limitation period because the one-year statute of limitations expired long before Petitioner sought post-conviction relief in the state courts.[5] See, e.g., Fisher v. Gibson, 262 F.3d 1135, 1142-1143 (10th Cir. 2001). The statute of limitations can be equitably tolled in "rare and exceptional" circumstances, Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000), where "an inmate

---

[4]Petitioner has attached to his Petition a copy of the docket sheet filed in his criminal case showing that Petitioner was originally charged in Case No. CF-2003-53 with the offense of Trafficking in Illegal Drugs, that Petitioner filed a motion to suppress on April 22, 2003, but that he appeared in court with his counsel in July 2003 and waived his preliminary hearing. Petitioner entered a guilty plea at his next court appearance on August 6, 2003, pursuant to a plea agreement and was sentenced.

[5]Although Petitioner states that he filed a motion for judicial review on June 17, 2004, this post-conviction motion under Okla. Stat. tit. 22, § 982a seeks modification of a sentence in the trial court within twelve months of sentencing. The sentencing court exercises its discretion in considering pre- and post-sentencing factors in reviewing such a motion, and the denial of the motion is not appealable. Accordingly, motions to modify a sentence under this judicial review provision do not constitute post-conviction proceedings that toll the running of the limitation period. See Clemens v. Sutter, 230 Fed.Appx. 832, 2007 WL 127 1908 (10th Cir. May 2, 2007)(unpublished op.); Nicholson v. Higgins, 147 Fed.Appx. 7, 2005 WL 1806446, * 1 n. 2 (10th Cir. Aug. 2, 2005)(unpublished op.).

diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000). Equitable tolling of a statute of limitations may be available where "a constitutional violation has resulted in the conviction of one who is actually innocent." Miller, 141 F.3d at 978. Prisoners asserting actual innocence must produce "new evidence" establishing that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." House v. Bell, __ U.S. __, 126 S.Ct. 2064, 2076-2077 (2006). Petitioner does not assert his actual innocence, and his plea of guilty is not consistent with any assertion of actual innocence. See Bousley v. United States, 523 U.S. 614, 623-624 (1998)("'actual innocence' means factual innocence, not mere legal insufficiency"). Moreover, Petitioner has not shown either an impediment to his ability to pursue federal habeas relief or due diligence in presenting his federal claims. Therefore, Petitioner has not satisfied his burden of showing that equitable tolling of the limitation period is warranted. Consequently, the Petition should be dismissed with prejudice as it is untimely.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be DISMISSED with prejudice as barred by the 28 U.S.C. § 2244(d)(1) statute of limitations. In light of the foregoing findings and recommendation, Petitioner's Motion to Appoint Counsel (Doc. # 5) is DENIED. The Petitioner is advised of his right to file an objection to this Report and Recommendation with

the Clerk of this Court by  October 29th , 2007, in accordance with 28 U.S.C. § 636 and LCvR 72.1.  The Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein.  Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this  9th  day of  October , 2007.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE